UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 05-957(DSD/SRN)

Robert M. Gardner,

      Plaintiff,

v.                                                        **ORDER**

Dean A. Monco, Attorney at
Law, John S. Mortimer,
Attorney at Law, Wood,
Phillips, Katz, Clark &
Mortimer, Attorneys at Law,
Stayhealthy, Inc. and
John Collins,

      Defendants.


This matter is before the court upon plaintiff's objections to the report and recommendation of Magistrate Judge Susan R. Nelson, dated November 16, 2005. In her report, the magistrate judge recommended that plaintiff's motion to remand be denied, defendants' motion to dismiss be granted and plaintiff's claims be dismissed with prejudice. For the reasons that follow, the court adopts the report and recommendation in its entirety.


**DISCUSSION**

The court makes a de novo determination as to the portions of the magistrate judge's report and recommendation to which an objection is made. 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.2(b). Plaintiff does not object to the factual background, the statement of the parties' positions or the legal analysis set forth in the

magistrate judge's report and recommendation. Neither does he object to the magistrate judge's recommendation that plaintiff's motion to remand be denied and defendants' motion to dismiss be granted. Rather, the sole "objection" before the court is plaintiff's contention that the magistrate judge did not address or recommend a disposition of an attorney's lien that plaintiff filed in a different federal lawsuit.[1] Plaintiff asks the court to recommit the attorney-lien issue to the magistrate judge for resolution.

Defendants claim that the attorney-lien issue is not properly before the court. Defendants cite to plaintiff's failure to plead a statutory cause of action for enforcement of the attorney lien, failure to include any lien interest in his prayer for relief, failure to include the issue in any memoranda thus far filed in this action and failure to either raise or argue the issue before the magistrate judge in conjunction with defendants' motion to dismiss. Accordingly, defendants argue that plaintiff may not raise the attorney-lien issue in this action for the first time in the form of an objection to the magistrate judge's failure to address an issue that was not before her. The court agrees.

---

[1] Notice of the attorney lien was filed in the matter of Petters Co. v. Stayhealthy, Inc., Case No. 03-3210 (D. Minn. 2005), which was dismissed with prejudice by The Honorable John R. Tunheim pursuant to the parties' stipulation of dismissal.

When a magistrate judge invokes his or her authority to recommend a disposition, "'a claimant must present all his claims squarely to the magistrate judge, that is, the first adversarial forum, to preserve them for review.'"  Madol v. Dan Nelson Auto. Group, 372 F.3d 997, 1000 (8th Cir. 2004) (quoting Roberts v. Apfel, 222 F.3d 466, 470 (8th Cir. 2000).  The very purpose of referring issues to magistrate judges for recommended disposition "would be contravened if parties were allowed to present only selected issues to the magistrate, reserving their full panoply of contentions for the trial court." Reciprocal Exch. v. Noland, 542 F.2d 462, 464 (8th Cir. 1976).  Therefore, absent a showing that manifest injustice would result, a district court may deem claims that were not articulated to a magistrate judge to be forfeited. See Roberts, 222 F.3d at 470.

In this case, plaintiff did not plead entitlement to, or enforcement of, an attorney's lien.  Plaintiff has not sought to amend the pleadings to assert such a cause of action or to include a lien interest in his prayer for relief.  Although procedural mechanisms may exist for plaintiff to properly seek enforcement of his attorney lien, doing so by means of an objection to the magistrate judge's failure to resolve the issue in this action is not one of them.  Plaintiff has not shown that manifest injustice

will result if the court does not commit the matter to the magistrate judge for resolution. Therefore, plaintiff's objection to the report and recommendation is denied.

## CONCLUSION

Following a de novo review of the file and record, the court adopts the report and recommendation of the magistrate judge in its entirety. Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to remand [Docket No. 6] is denied.
2. Defendants' motion to dismiss [Docket No. 2] is granted.
3. Defendants' motion to strike [Docket No. 2] is denied as moot.
4. Plaintiff's claims are hereby dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  January 17, 2006

                                            s/David S. Doty
                                            David S. Doty, Judge
                                            United States District Court